**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HERBERT SPERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 12-cv-0605 (KBJ) |
| | ) |
| OFFICE OF INFORMATION POLICY *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff brought this action *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the response of the Department of Justice ("DOJ") and the Office of Information Policy ("OIP") to his request for copies of any disciplinary complaints that the Office of Professional Responsibility ("OPR") has pertaining to four individuals, two of whom are deceased. On February 15, 2013, this Court (Jackson, A.) entered an order granting summary judgment in Defendants' favor with respect to (1) the "Glomar response" that Defendants issued regarding the two individuals who are still alive, and (2) the adequacy of the search for records pertaining to one deceased individual, the Hon. Milton Pollack. (*See* Feb. 15, 2013 Mem. Op. and Order, ECF No. 20, at 4-10.) The Court denied summary judgment with respect to Defendants' search for records pertaining to former (and now deceased) Assistant United States Attorney ("AUSA") Paul Curran. The Court found that there was a material factual dispute regarding the search for records pertaining to AUSA Curran because Defendants limited their search to databases that OPR had created in 2005, and

Plaintiff sought records dating back to 1973. (*See id.* at 10-11.) The Court instructed Defendants to "file a supplemental declaration that addresses the concerns raised about [their] search and, if appropriate, renew [their] motion for summary judgment." (*Id.* at 11.)

In response to that order, Defendants conducted additional searches and filed both a supplemental declaration and a renewed motion for summary judgment. (*See generally* Defs.' Renewed Mot. for Summ. J., ECF No. 21.) In his response to the renewed motion, Plaintiff concedes the issue of the adequacy of Defendants' searches for records relating to AUSA Curran. (Resp. to Defs.' Renewed Mot. for Summ. J., ECF No. 23 at 2.) Specifically, Plaintiff states that that he "is unable to discern any further facially short-commings [sic] with the databases that are claimed to have been searched[]" and, because "there are no responsive Records and the Defendants are not presently claiming any specific exemptions[,] there is no further dispute at this time." (*Id.* at 2.)

Because there is no dispute regarding the sole factual issue remaining in this case—the adequacy of Defendants' search for records pertaining to AUSA Curran—the Court will grant Defendants' renewed motion for summary judgment, and order that judgment be issued in Defendants' favor as a matter of law.

A separate, final order accompanies the Memorandum Opinion.

DATE: January 24, 2014            *Ketanji Brown Jackson*
                                  KETANJI BROWN JACKSON
                                  United States District Judge